**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 18-cr-00466-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. GEOFFREY WARD MANSFIELD,

    Defendant.

---

**UNITED STATES' RESPONSE
TO DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL**

---

    Mansfield's motion for judgment of acquittal should be denied.  Sufficient evidence established his guilt as a felon in possession under the instructions given at trial, which is the standard against which sufficiency should be reviewed.  *United States v. Wacker*, 72 F.3d 1453, 1464-65 (10th Cir. 1995).  But even if sufficiency were measured against the elements set out in *Rehaif v. United States*, 139 S.Ct. 2191 (2019), there was sufficient evidence to convict.

    Mansfield stipulated that he was a felon.  He spent time in jail.  And the jury heard evidence of his detailed knowledge and awareness of the gun laws.  From that evidence, a jury could reasonably infer that he was aware of his status as a felon.

## FACTUAL BACKGROUND

Mansfield was convicted for being a felon in possession of a firearm (18 U.S.C. § 922(g)).  To convict Mansfield, the jury was instructed that it had to find:

> First: on or about July 31, 2017, the defendant knowingly possessed a firearm;
>
> Second: the defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm; and
>
> Third: before the defendants possessed the firearm, the firearm had moved at some time from one state to another.

Doc. 64 at Instruction No. 16.

Several months after Mansfield's conviction, the Supreme Court decided *Rehaif.* It held that a § 922(g) conviction also requires proof that the person prohibited from possessing a firearm knew of the particular status that precluded him or her from possessing a firearm.  139 S.Ct. at 2200 ("the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.").  It did not require proof, however, that a defendant knew that it was illegal for him or her to possess a firearm.

After *Rehaif*, a § 922(g)(1) firearm prosecution now requires proof that:

> (1) The defendant knowingly possessed a firearm;
>
> (2) The defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm;

> *(3) At the time he possessed the firearm, the defendant knew that he had been convicted of such an offense*; and
>
> (4) before the defendant possessed the firearm, the firearm had moved at some time from one state to another [or from a foreign country to the United States].

Because the trial instructions here did not require the jury to find that Mansfield knew of his felony conviction at the time he possessed the gun in question, he has moved for judgment of acquittal. Doc. 83.

## ARGUMENT

When reviewing the sufficiency of the evidence, a court asks whether the evidence and all of the reasonable inferences that can be drawn from it in the light most favorable to the government are sufficient to establish guilt. *Wacker*, 72 F.3d at 1462. Reversal is appropriate only when "no rational trier of fact could have found the essential elements beyond a reasonable doubt." *Id.* at 1462-63.

In the unique situation where the law changes the proof required for a conviction after trial, the Tenth Circuit had held that the proper remedy is to remand for a new trial before a properly-instructed jury if the evidence was sufficient to satisfy the improper instructions given at trial. *Id.* at 1463-65; see also *United States v. Twitty*, 641 Fed. Appx. 801, 806-07 (unpublished) (discussing *Wacker*). During the appeal in *Wacker*, the Supreme Court changed the proof required to establish that a person had used a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). *Id.* at 1463 (citing *Bailey v. United States*, 516 U.S. 137 (1995)). While the Tenth Circuit recognized that there was sufficient evidence to support conviction on Count 7 pre-

*Bailey*, it could not ascertain how a jury properly-instructed would decide guilt on that issue after *Bailey*. *Id. at* 1465-66. It concluded that remand for a new trial was appropriate and did not violate Double Jeopardy. *Id.* at 1466.

"[T]he government here cannot be held responsible for 'failing to muster' evidence sufficient to satisfy a standard which did not exist at the time of trial." *Id. Wacker* adopted the proposition that "retrial [is] not barred by double jeopardy where [a] prosecutor failed to prove [an] element of [a] crime that, at time of trial, did not need to be proved." *Id.* (citing *United States v. Weems*, 49 F.3d 528, 530-31 (9th Cir. 1995)). Under *Wacker* then, sufficiency of the evidence is measured against the standard of proof existing at trial, not any new standards of proof set out after trial.

Mansfield cites *United States v. Smith*, 82 F.3d 1564, 1567 (10th Cir. 1996), and *United States v. Miller*, 84 F.3d 1244, 1258 (10th Cir. 1996), to argue the contrary. He is correct that those decisions state that sufficiency should be measured against the standard that would be proper after the change in law, not the instructions given at trial. But those holdings cannot be reconciled with the plain language of *Wacker*, despite those cases' citations to *Wacker*. Because those decisions conflict with *Wacker*, they are not the governing law. *United States v. Romero*, 491 F.3d 1173, 1177 (10th Cir. 2007) (where there is intra-circuit conflict, court must follow earlier precedent).

Mansfield also contends that *Wacker* has been effectively overruled by *Mussachio v. United States*, 136 S. Ct. 709 (2016)). But courts in the Tenth Circuit remain bound by prior precedent unless it "has been clearly overruled by an intervening Supreme Court Decision." *In re Woolsey*, 696 F.3d 1266, 1271 (10th Cir. 2012). To

supersede existing precedent, the Supreme Court decision must be contrary to or invalidate the analysis of that existing precedent. *United States v. Brooks*, 751 F.3d 1204, 1209 (10th Cir. 2014). That is not the case with *Mussachio* and *Wacker.*

In *Mussachio,* the Supreme Court answered the narrow question of whether the addition of an element not required by existing law required the government to also provide evidence of that unnecessary element to withstand a sufficiency challenge. 136 S. Ct. at 713-16. It concluded that the government need not do so, because sufficiency review addresses whether "the government's case was so lacking that it should not have been submitted to the jury." *Id.* at 715. And so where there was a procedural error that required the government to prove more than was required, the evidence was not insufficient. It did not address how sufficiency should be assessed (or the relief required) when the courts add an element to an offense after trial.

Not surprisingly, *Mussachio*'s view of sufficiency corresponds with the Supreme Court's view in *Lockhart v. Nelson,* 488 U.S. 33 (1998), the case relied upon by the the Tenth Circuit to grant a new trial in *Wacker*, 72 F.3d at 1465. *Lockhart* noted that a true factual sufficiency case is about the government failing to prove its case, which implies something about the guilt or innocence of the defendant in the way that a procedural error does not. 488 U.S. at 40. As in *Lockhart*, had the *Rehaif* trial error been known at the time it occurred, "the prosecution would have attempted to offer additional evidence to satisfy its burden." *Wacker*, 72 F.3d at 1465 (citing *Lockhart*, 488 U.S. at 42).

Mansfield also contends that *Rehaif* simply stated what the law always was and so there is no unfairness to the government in precluding retrial. It is true that a ruling

from the Supreme Court on a matter of statutory interpretation is a statement about what the law has always been. *United States v. Wiseman*, 297 F.3d 975, 981 (10th Cir. 2002). But that does not mean that retrial is inappropriate. The statutory interpretation in *Bailey* that resulted in retrial in *Wacker* was also a statement about what the law had always been. And there is the exact same sort of unfairness to the government here that resulted in a retrial, rather than dismissal, in *Wacker.* At the time of trial, the governing precedent in the Tenth Circuit (and every other Circuit) did not require proof that a felon knew of his status. *See Rehaif*, 139 S. Ct. at 2210 n. 6 (Alito, J. dissenting) (collecting cases including *United States v. Games-Perez*, 667 F.3d 1136, 1142 (10th Cir. 2012) and *United States v. Capps*, 77 F.3d 350, 352-54 (10th Cir. 1996)).

While the government contends that *Wacker* requires this court to measure sufficiency against the instructions given at trial, rather than the standard set out in *Rehaif*, the discussion is largely an academic one. That is because sufficient evidence for a conviction was presented under either standard.

**I.    There was sufficient evidence to satisfy the instructions as given.**

Mansfield makes no attempt to suggest that the evidence was insufficient on the standard of proof that ruled pre-*Rehaif*. Nor could he. This court has already ruled that the evidence was sufficient on that standard when it denied Mansfield's mid-trial Rule 29 motion. Doc. 60 at 3. That is the law of the case. Nothing has changed that would alter that ruling.

To the extent that *Wacker* requires this court to measure sufficiency against the standard of proof that existed before *Rehaif*, there was also sufficient evidence.

### II. There is sufficient evidence to satisfy the elements identified in *Rehaif*.

Even if this court follows *Smith* and *Miller* to ask whether there is sufficient evidence to satisfy the new standard from *Rehaif*, Mansfield's motion should be denied. A reasonable jury could infer that Mansfield knew of his status as a felon based on the following evidence:

> 1. the stipulation that, before he possessed the firearm in question, he was convicted of a crime punishable by imprisonment for a term exceeding one year (Doc. 64 at 18);
>
> 2. his two incarcerations — in 2013 and 2017 (Redinger Testimony at 25-26 & Defendant's Exhibit B (discussing 2013 prison time in Rifle); Redinger Testimony at 92 (admitting Defendant's Exhibit B); Exhibit 35 at 11:57 to 12:21 (Mansfield admitting during July 31, 2017 call that he just got out of jail in Greeley for drug possession); Redinger Testimony at 33 (admitting July 31, 2017 audio call as Exhibit 35)); and
>
> 3. his detailed awareness of gun laws demonstrated by his discussion about the laws regarding magazine sizes in Colorado and Wyoming and the recent changes to Colorado's laws (Exhibit 35 at 15:05-15:50).

While his stipulation to a prior felony is not direct evidence of his knowledge of that felony, it is strong circumstantial evidence of knowledge. A reasonable jury could infer that a person convicted of a felony is aware of his or her felon status. People are not convicted of felonies every day, so it is reasonable to infer that they will be aware of their status when they have been.

Although more than the existence of the prior felony is not required to overcome the low bar of a sufficiency challenge, there is more here.  A jury could infer from Mansfield's knowledge of gun laws, as demonstrated by the discussion about Colorado restrictions on certain magazines, that he would likewise be aware that felons are not allowed to possess weapons.  It could also infer that based on his two prior stints in jail, he might have checked into whether his own status qualified for such a prohibition. That is not to say that the government had to prove that he specifically knew he was breaking the law — it didn't.  But it does provide further evidence from which a jury could infer that Mansfield would naturally have knowledge that his prior felony was for a crime that carried a sentence of more than a year in jail.  In reviewing sufficiency, "[t]he evidence and inferences drawn therefrom must be viewed in the aggregate rather than in isolation" and "it is the jury's role . . . to determine what 'may' [or may not] have occurred."  *United States v. Johnson*, 977 F.2d 1360, 1370 (10th Cir. 1992)

While the evidence above is only circumstantial evidence of Mansfield's mental state, a person's mental state is nearly always proven through circumstantial evidence. *Montana v. Egelhoff*, 518 U.S. 37, 65 (1996) ("A subjective mental state is generally proved only circumstantially."); *United States v. Sedillo*, 509 F. App'x 676, 680 (10th Cir. 2013) (unpublished) ("Mens rea inferences almost always require some inference from circumstantial evidence—few will admit to bearing an unlawful mental state.").

When it comes to proving sufficiency, "[c]ircumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003); *Johnson*, 977 F.2d at

1370 ("even when direct evidence is lacking, a criminal conviction may be sustained on wholly circumstantial evidence") (citation & internal quotation marks omitted).

Because a reasonable jury could infer that Mansfield knew he was a felon at the time of his unlawful possession of the firearm, his motion to acquit should be denied even under *Rehaif*'s more demanding standard.

## CONCLUSION

Mansfield's motion for judgment of acquittal should be denied.

DATED this 5th day of August, 2019.

>
> Respectfully Submitted,
>
> Jason R. Dunn
> United States Attorney
>
>
> s/ J. Bishop Grewell
> J. BISHOP GREWELL
> KURT BOHN
> Assistant United States Attorneys
> 1801 California Street, Suite 1600
> Denver, CO 80202
>
> Telephone:(303) 454-0100
> Fax: (303) 454-0408
> E-mail: bishop.grewell@usdoj.gov
>
> Counsel for Plaintiff
> United States of America

<div style="text-align:center">

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/Colorado)**

</div>

I hereby certify that on August 5, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

<div style="margin-left:50%">

/s/ J. Bishop Grewell
J. BISHOP GREWELL
Assistant U.S. Attorney

</div>