IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 18-cr-00466-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. GEOFFREY WARD MANSFIELD,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on defendant Geoffrey Ward Mansfield's Motion for Judgment of Acquittal under Fed. R. Crim. P. 29 and 45 [Docket No. 83].

**I. BACKGROUND**

On February 21, 2019, a jury found defendant guilty of knowingly possessing a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Docket No. 63; *see also* Docket No. 64 at 18. The Court instructed the jury that it could find defendant guilty if it determined the government had proved the following elements beyond a reasonable doubt:

> *First*: on or about July 31, 2017, the defendant knowingly possessed a firearm;
>
> *Second*: the defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm; and
>
> *Third*: before the defendant possessed the firearm, the firearm had moved at some time from one state to another.

Docket No. 64 at 18. Pursuant to a stipulation entered into by the parties before trial, see Docket Nos. 27, 30, 50, the Court further instructed:

> The parties stipulate that, prior to July 31, 2017, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year. Therefore, you must consider the second element of Count One as having been proved beyond a reasonable doubt.

Docket No. 64 at 18.

Following defendant's conviction, but before sentencing, the Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019), in which it held that, to obtain a conviction under 18 U.S.C. § 922(g) or § 924(a)(2), the government "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. On July 26, 2019, defendant moved for judgment of acquittal arguing that the evidence presented at trial was insufficient to convict defendant under the standard announced in *Rehaif*. *See* Docket No. 83. The government filed a response to the motion on August 5, 2019, Docket No. 87, to which defendant replied on August 9, 2019. Docket No. 88.

## II. ANALYSIS

Defendant moves for judgment of acquittal under Fed. R. Crim. P. 29. In considering defendant's motion, the Court views the evidence "in the light most favorable to the government, and without weighing conflicting evidence or considering the credibility of witnesses, determine[s] whether that evidence, if believed, would establish each element of the crime." *United States v. Fuller*, 751 F.3d 1150, 1153 (10th Cir. 2014) (quotations omitted). The Court may enter a judgment of acquittal "only if the evidence that defendant committed the crime is nonexistent or so meager that no

reasonable jury could find guilt beyond a reasonable doubt." *Id.* (quotations omitted).

Defendant argues that he is entitled to judgment of acquittal because the evidence presented by the government at trial was insufficient to prove that he knew he was a convicted felon at the time he possessed the firearm. Docket No. 83 at 2-3. In response, the government appears to concede that defendant's conviction must be vacated in light of *Rehaif*, but argues that a retrial is permitted under the Double Jeopardy Clause because defendant's sufficiency-of-the-evidence challenge must be evaluated according to the standard of proof that existed at the time of trial. *See* Docket No. 87 at 3-7. Alternatively, the government argues that the evidence was sufficient to sustain defendant's conviction even under the heightened standard announced in *Rehaif*. *Id.* at 7-9.[1]

The issue presented by defendant's motion for judgment of acquittal is narrow. Defendant does not argue that the Court's jury instructions were incorrect under the legal standard that existed at the time of trial.[2] Nor does he challenge the sufficiency of

---

[1]The Court need not address defendant's threshold arguments that his motion is timely under Fed. R. Crim. P. 29 and 45, Docket No. 83 at 3-4, and that the Court's erroneous instruction to the jury constitutes plain error. *See id.* at 5. The government does not address these issues in its response brief and appears to concede that defendant is entitled to a new trial in light of *Rehaif*. *See* Docket No. 87 at 3 (stating that the "proper remedy is to remand for a new trial before a properly-instructed jury if the evidence was sufficient to satisfy the improper instructions given at trial").

[2]Before *Rehaif*, the governing law in the Tenth Circuit was that "the only knowledge required for a § 922(g) conviction [was] knowledge that the instrument possessed is a firearm." *United States v. Griffin*, 389 F.3d 1100, 1104 (10th Cir. 2004) (internal quotation marks and bracket omitted)). Thus, as relevant here, the government was not required to prove that the defendant knew he had been convicted of a felony. *See United States v. Games-Perez*, 667 F.3d 1136, 1141-42 (10th Cir. 2012). Defendant suggests that retrial is inappropriate because, instead of changing the law, *Rehaif* merely interpreted § 922(g) as it is written. *See* Docket No. 83 at 11.

3

the government's case under that standard. In addition, the Court agrees with defendant that, if his sufficiency-of-the-evidence challenge were evaluated according to the standard set forth in *Rehaif*, the evidence that the government admitted at the trial would be inadequate to support his conviction.

Therefore, the only issue is whether the Double Jeopardy rule precluding retrial of a defendant when his conviction is reversed due to insufficient evidence applies to situations, such as this one, where the evidence presented at trial is rendered insufficient solely as the result of a post-trial change in the law.

The Tenth Circuit has squarely addressed this issue, holding that "whenever a conviction is reversed solely for failure to produce evidence that was not theretofore generally understood to be essential to prove the crime, double jeopardy does not bar reprosecution." *Wacker*, 72 F.3d at 1465. In *Wacker*, the defendants were charged with using a firearm in connection with a drug trafficking offense or conspiracy, in violation of 18 U.S.C. § 924(c)(1) and (2). *Id.* at 1460. At the time of trial, the "governing rule" in the Tenth Circuit "was that a conviction for 'use' [under § 924(c)] was supported if the government established: (1) the defendant had 'ready access' to the firearm; and (2) the firearm was an 'integral part' of the criminal undertaking and increased the likelihood that the undertaking would succeed." *Id.* at 1463. While the defendant's conviction was pending on appeal, however, the Supreme Court clarified

---

As the government points out, however, the same was true in *United States v. Wacker*, 72 F.3d 1453 (10th Cir. 1995), but the Tenth Circuit nevertheless remanded the case for a new trial in light of the Supreme Court's intervening decision clarifying the "use" standard under § 924(c)(1). *See id.* at 1463, 1465-66. Defendant's argument is therefore without merit.

that "to sustain a conviction under the 'use' prong of § 924(c)(1), the Government must show that the defendant actively employed the firearm during and in relation to the predicate crime." *Id.* (bracket omitted) (quoting *Bailey v. United States*, 516 U.S. 137, 150 (1995), *superseded by statute as stated in Welch v. United States*, 136 S. Ct. 1257, 1267 (2016)). Based on this clarification of the law, the Tenth Circuit reversed three of the defendants' convictions, finding the facts concerning their "use" of the firearms indistinguishable from the facts deemed legally insufficient in *Bailey*. *See Wacker*, 72 F.3d at 1463-64.

As to the remaining defendant, the court determined that the evidence was sufficient to support her conviction under the standard existing at the time of trial, but that it was not clear "how a jury might decide th[e] issue if properly instructed under the law as defined by *Bailey*." *Id.* at 1465-65. The court therefore remanded the issue to the district court for a new trial, noting that remand was "not inconsistent with the Double Jeopardy Clause" because the rule barring retrial when a conviction is reversed due to insufficient evidence did not apply. *Id.* at 1465. The Tenth Circuit explained that remand did not implicate the Double Jeopardy concerns raised in *Burks v. United States*, 437 U.S. 1 (1978) – including the principle that the government may not "be afforded a second opportunity to supply evidence which it failed to muster in the first proceeding" – because "the government . . . [could not] be held responsible for failing to muster evidence sufficient to satisfy a standard which did not exist at the time of trial." *Wacker*, 72 F.3d at 1465 (internal quotation marks omitted). The court further reasoned that its reversal due to the district court's erroneous jury instruction was akin to a

reversal based on trial error and thus "double jeopardy [did] not bar reprosecution." *Id.* at 1465 (internal quotation marks omitted); *see also Lockhart v. Nelson*, 488 U.S. 33, 38 (1988) ("It has long been settled . . . that the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction.").

As summarized most recently in *United States v. Arciniega-Zetin*, 755 F. App'x 835 (10th Cir. 2019) (unpublished), *Wacker* therefore stands for the following rule:

> [A court] must order the dismissal of any charge that the government failed to prove by sufficient evidence under the law in force during [the defendant's] trial. But if the government's proof suffices under that now-outdated law, then showing that this proof would *not* suffice under the supervening law won't win the defendant a dismissal.

*Id.* at 842; *accord United States v. Benford*, 875 F.3d 1007, 1014 (10th Cir. 2017) ("We analyze the sufficiency of the evidence under the law in effect at the time of trial."); *United States v. Twitty*, 641 F. App'x 801, 807 (10th Cir. 2016) (unpublished) (holding that defendant could be retried, consistent with the Double Jeopardy Clause, because sufficient evidence supported his conviction "under the standard in effect at the time of his trial"). Other circuits apply the same rule. *See United States v. Houston*, 792 F.3d 663, 669-70 (6th Cir. 2015) (holding, in the context of a post-trial change in the law, that the permissibility of a retrial depends on the sufficiency of the government's evidence under the wrong jury instruction given at trial, not the corrected instruction that would be given on remand); *United States v. Ford*, 703 F.3d 708, 711 (4th Cir. 2013) (stating

6

that, "where a reviewing court determines that the evidence presented at trial has been rendered insufficient only by a post-trial change in law, double jeopardy concerns do not preclude the government from retrying the defendant"); *United States v. Robison*, 505 F.3d 1208, 1224-25 (11th Cir. 2007) (rejecting argument that the defendants were entitled to judgment of acquittal based on a post-trial change in the law where it was undisputed that there was sufficient evidence to support the defendants' convictions under the erroneous legal standard applied at trial); *United States v. Weems*, 49 F.3d 528, 530-31 (9th Cir. 1995) (rejecting argument that the court could not remand for a new trial following a post-trial change in the law "without first considering whether the evidence produced at trial was sufficient for conviction" under the correct legal standard, and reasoning that retrial would not improperly "give the government the opportunity to supply evidence it failed to muster at the first trial" because the government "had no reason to introduce such evidence" under the legal standard in effect at the time of trial (internal quotation marks omitted)); *see also Burks*, 437 U.S. at 15-16 (reasoning that "reversal for trial error," including "incorrect receipt or rejection of evidence, incorrect instructions, or prosecutorial misconduct," does not trigger Double Jeopardy concerns because it does not reflect a determination that the "government has failed to prove its case" and "implies nothing with respect to the guilt or innocence of the defendant"); *United States v. Gonzalez*, 93 F.3d 311, 323 (7th Cir. 1996) (holding that failure to instruct the jury on the meaning of "carry" under 18 U.S.C. § 924(c) based on a misapprehension of the "use" standard, which was clarified by the Supreme Court after trial, did not preclude retrial under the correct legal standards because the "error in the earlier proceedings . . . [was] more akin to trial error than to the legal insufficiency of

7

the evidence"); *cf. Lockhart*, 488 U.S. at 40-41 (holding that the Double Jeopardy Clause did not bar retrial even though the government's proof would have been insufficient to support the defendant's conviction absent the erroneously admitted evidence).

Defendant contends that "*Wacker* does not stand for the blanket proposition that retrial is permitted when the evidence was sufficient to have convicted the defendant under the standard in effect at the time of trial." Docket No. 83 at 8 (quoting *Twitty*, 641 F. App'x at 806). In support of this argument, defendant cites two subsequent decisions in which the Tenth Circuit reasoned that retrial was permitted only if the "evidence would have been sufficient to support [the defendant's] conviction . . . under a proper instruction." *United States v. Smith*, 82 F.3d 1564, 1567 (10th Cir. 1996); *United States v. Miller*, 84 F.3d 1244, 1258 (10th Cir. 1996) (explaining that the court would only remand for a new trial based on a post-trial change in the law if a properly instructed jury could have returned a guilty verdict), *overruled on other grounds*, *United States v. Holland*, 116 F.3d 1353 (10th Cir. 1997), *overruled on other grounds*, *Bousley v. United States*, 523 U.S. 614 (1998).

As the government admits, it is difficult to reconcile the language of *Smith* and *Miller* with *Wacker*'s clear holding that a sufficiency-of-the-evidence challenge predicated on a post-trial change in the law must be evaluated according to the legal standard in effect at the time of trial. *See Wacker*, 72 F.3d at 1465; *see also* Docket No. 87 at 4 (noting that *Smith* and *Miller* conflict with *Wacker*). On the other hand, *Smith* and *Miller* properly recognize that there may be some cases where it is

8

appropriate to reverse a defendant's convictions outright – rather than remanding for a new trial – based on a post-trial change in the law. However, such cases are limited to those situations in which the facts bearing on the defendant's culpability under the corrected legal standard are so clear and uncontested that retrial would be futile, *see, e.g.*, *Wacker*, 72 F.3d at 1463-64 (reversing the defendants' convictions where the evidence presented at trial conclusively showed that the defendants did not "use" a firearm under the standard announced in *Bailey*), or the government has conceded that it does not intend to offer any additional evidence on remand. *See, e.g.*, *United States v. Bruno*, 661 F.3d 733, 743 (2d Cir. 2011) (distinguishing cases allowing retrial after post-trial change in the law on the ground that, unlike in those cases, "considering the sufficiency of the evidence [under the corrected legal standard] would [not] deny the government an opportunity to present its evidence" because the government had "conceded that it would present no new evidence if [the defendant] were retried").[3] Reversal of a conviction under these circumstances reflects a determination that retrial would be futile; such a reversal does not hinge on whether the evidence presented *at trial* was sufficient to sustain the defendant's convictions under the proper legal standard. *See Wacker*, 72 F.3d at 1465 (analogizing case to one in which retrial was appropriate despite the insufficiency of the evidence under the correct legal standard and stating that, on retrial, "the government [could] present additional evidence, if

---

[3]Defendant does not argue that these circumstances are present in this case. Nor has the government conceded that it will be unable to present evidence on remand showing that defendant knew he was a felon at the time he possessed the firearm. Accordingly, retrial is permitted so long as the evidence presented at trial was sufficient to sustain defendant's conviction under the then-existing legal standard.

9

available" relevant to the defendant's guilt under the statute, properly construed); *see also Lockhart*, 488 U.S. at 42 (explaining that, by allowing the government to retry the case on remand, the Court "merely recreate[d] the situation that would have been obtained if the trial court had excluded the evidence of the conviction" because "the trial judge would presumably have allowed the prosecutor an opportunity to offer evidence of another prior conviction to support the habitual offender charge"). To conclude otherwise would contravene *Wacker*'s reasoning that the government cannot be held responsible for "failing to muster evidence sufficient to satisfy a standard which did not exist at the time of trial." *Wacker*, 72 F.3d at 1465 (internal quotation marks omitted). Insofar as *Smith* and *Miller* support a different rule – one that requires sufficiency-of-the-evidence challenges based on a post-trial change in the law to be measured against the proper legal standard – they cannot be reconciled with the clear language of *Wacker* and do not control. *See United States v. Sabillon-Umana*, 772 F.3d 1328, 1334 n.1 (10th Cir. 2014) ("In cases of conflicting circuit precedent, our court follows earlier, settled precedent over a subsequent deviation therefrom." (internal quotation marks and bracket omitted)).[4]

The Court is also unpersuaded by defendant's reliance on *Musacchio v. United States*, 136 S. Ct. 709 (2016). *See* Docket No. 83 at 6-7; Docket No. 88 at 3. In that case, the Supreme Court held that, "when a jury instruction sets forth all the elements

---

[4]This conclusion is bolstered by the fact that three recent Tenth Circuit decisions cite *Wacker* for the proposition that sufficiency-of-the evidence challenges are evaluated according to the legal standard in effect at the time of trial. *See Arciniega-Zetin*, 755 F. App'x at 842; *Benford*, 875 F.3d at 1014-15; *Twitty*, 641 F. App'x at 806. None of these cases discuss the rule announced in *Smith* and *Miller*.

of the charged crime but incorrectly adds one more element, a sufficiency challenge should be assessed against the elements of the charged crime, not against the erroneously heightened command in the jury instruction." *Id.* at 715. Defendant argues that the "holding and logic of *Musacchio* shows that *Wacker* does not mean what the government claims it means and, if it does, it is no longer good law." Docket No. 88 at 3. But *Musacchio* involved jury instructions that erroneously *added* an element to the charged offense. The Court's holding was therefore predicated on the notion that the "Government's failure to introduce evidence of an additional element does not implicate the principles that sufficiency review protects." *Musacchio*, 136 S. Ct. at 715. In other words, the defendant's sufficiency challenge was academic because, by finding "guilt after being instructed on all elements of the charged crime plus one more element, the jury ha[d] made all the findings that due process requires." *Id.*

The considerations governing retrial in cases involving a post-trial change in the law are distinct from the concerns present in *Musacchio.* See *Twitty*, 641 F. App'x at 807 (noting that the "issue of a *change in the law* that added an element that the government was required to prove was not before the Court in *Musacchio*"). As a result, *Musacchio* does not undermine *Wacker*'s holding that "whenever a conviction is reversed solely for failure to produce evidence that was not theretofore generally understood to be essential to prove the crime, double jeopardy does not bar reprosecution." *Wacker*, 72 F.3d at 1465 (internal quotation marks and ellipsis omitted).

Because defendant does not argue that the evidence presented at trial was

11

insufficient to support his conviction under the then-existing legal standard, the Double Jeopardy Clause does not bar the government from retrying defendant under the standard set forth in *Rehaif*. The Court will therefore grant defendant's request for a new trial, *see* Docket No. 88 at 5, but deny his motion insofar as it seeks dismissal of the indictment.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Mr. Mansfield's Motion for Judgment of Acquittal Under Fed. R. Crim. P. 29 and 45 [Docket No. 83] is **GRANTED** in part and **DENIED** in part. It is further

**ORDERED** that defendant's conviction is **VACATED**. Within seven days of this order, the parties shall contact chambers to set a new trial date. It is further

**ORDERED** that the sentencing hearing scheduled for August 23, 2019, Docket Nos. 84, 85, is hereby **VACATED**.

DATED August 16, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge