IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 18-cr-00466-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. GEOFFREY WARD MANSFIELD,

    Defendant.
_____

**ORDER**
_____

    This matter comes before the Court on defendant Geoffrey Ward Mansfield's Unopposed Motion to Extend by 28 Days the Deadline for Filing a Notice of Appeal From This Court's August 16, 2019 Order [Docket No. 93]. On February 21, 2019, defendant was convicted by a jury of one count of being a felon in possession of a firearm. Docket No. 63; Docket No. 64 at 18. Following defendant's conviction, but before sentencing, the Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019), in which it held that, to obtain a conviction under 18 U.S.C. § 922(g), the government "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. On August 16, 2019, the Court vacated defendant's conviction in light of *Rehaif*, but declined to dismiss the indictment on double jeopardy grounds. *See* Docket No. 90 at 11-12. Defendant now seeks a 28-day extension of time to file a notice of appeal from that portion of the Court's August 16, 2019 order denying

defendant's request for a judgment of acquittal.  See Docket No. 93 at 2.

Federal Rule of Appellate Procedure 4(b)(1)(A) provides, in relevant part, that a defendant's notice of appeal in a criminal case "must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed."  Under Rule 4(b)(4), the Court may extend the deadline for filing a notice of appeal "[u]pon a finding of excusable neglect or good cause," provided the extension does not exceed "30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."

Here, defendant requests a 28-day extension of time to appeal the Court's August 16, 2019 order declining to dismiss the indictment.  Docket No. 93 at 2.[1]  As good cause for this request, defendant states that the parties have reached a disposition of this case but "will not know until September 5[, 2019] whether this Court will accept [their] [Federal Rule of Criminal Procedure] 11(c)(1)(C) plea agreement, by which point the presumptive 14-day deadline for filing a notice of appeal will have expired."  Docket No. 93 at 2, ¶ 7.  The Court finds there is good cause for granting defendant an extension of time in which to file his notice of appeal.  See Fed. R. App. P. 4(b)(4).  Wherefore, it is

**ORDERED** that defendant's Unopposed Motion to Extend by 28 Days the Deadline for Filing a Notice of Appeal From This Court's August 16, 2019 Order [Docket No. 93] is **GRANTED**.  It is further

**ORDERED** that defendant shall file any notice of appeal from the Court's August

---

[1]A "colorable" claim of double jeopardy may be appealed before final judgment. See United States v. Wampler, 624 F.3d 1330, 1340 (10th Cir. 2010) (citing Richardson v. United States, 468 U.S. 317, 322 & n.6 (1984)).

16, 2019 order, Docket No. 90, on or before **Friday, September 27, 2019**.

DATED August 23, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge